IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **ADRINA Y. SPENCER,**<br>*Plaintiff,*<br><br>v.<br><br>**SARATOGA MEDICAL, RUSSELL L.**<br>**COLLIER HEALTH CLINIC,**<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | W-22-CV-00693-ADA-DTG |

## ORDER

Before the Court is Plaintiff Adrina Y. Spencer's Motion to Proceed In Forma Pauperis (ECF No. 3). After considering the Motion and the applicable law, the Court **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis.

### I.   LEGAL STANDARD

28 U.S.C.A. § 1915 authorizes this Court to allow an individual to proceed in forma pauperis when the individual "submits an affidavit that includes a statement of all assets such prisoner possess that the person is unable to pay such fees or give security therefor." 28. U.S.C.A. § 1915(a)(1).

Once IFP status is conferred, 28 U.S.C.A. § 1915(e)(2)(B)(i) allows dismissal of an action if it is frivolous. *See* 28 U.S.C.A. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in fact or in law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

1

## II.  DISCUSSION

This Court must first determine whether Plaintiff qualifies to proceed in forma pauperis due to her economic status, and then determine whether the cause of action stated in her complaint is frivolous.

In her application to proceed in forma pauperis, Plaintiff claims to have a monthly income of $0 and $1100 in savings. ECF No. 3. The Court finds that payment of the filing fee would be impractical, and Plaintiff should be granted leave to proceed in forma pauperis.

The Court now turns to whether the cause of action stated in Plaintiff's complaint is frivolous. Plaintiff asserts violations of the Age Discrimination in Employment Act and the Americans with Disabilities Act. ECF No. 1 at 1. Plaintiff claims that she was terminated after suffering a gunshot wound that affected mobility in her arm. ECF No. 2 at 5. She alleges that her employer told her she was being terminated "due to [her] physical limited ability to perform [her] work duties" and that she "had become a liability to the company." *Id.* Based on these allegations, the Court cannot say that Plaintiff's complaint is frivolous. The Court therefore declines to dismiss under 28 U.S.C.A. § 1915(e)(2)(B)(i).

## III.  CONCLUSION

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 3).

SIGNED this 19th day of October, 2022.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE